UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE MANUAL VERDUGO,<br><br>Defendant. | No.  2:14-cr-00341-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Jose Manuel Verdugo's ("Defendant") Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i).  (ECF No. 27.) The Government filed an opposition.  (ECF No. 32.)  Defendant did not file a reply.  For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

### I.  FACTUAL AND PROCEDURAL BACKGROUND

On January 8, 2015, Defendant pleaded guilty to distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1).  (ECF No. 12.)  On May 21, 2015, the Court sentenced Defendant to a 113-month term of imprisonment followed by a 60-month term of supervised release.  (ECF No. 23.)  Defendant is currently serving his sentence at FCI Butner.  He has served approximately 68 months of his 113-month sentence of imprisonment and his projected release date is January 29, 2023.

On August 17, 2020, Defendant, proceeding *pro se*, filed the instant motion for release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (ECF No. 27.)  Defendant requests a sentence reduction due to the COVID-19 pandemic.  (*Id.* at 1.)  Defendant is 42 years old and claims he is at an elevated risk for severe complications from COVID-19 because he suffers from obesity.  (*Id.*)  Defendant cites the conditions of his confinement as an additional factor in his vulnerability.  (*Id.*)  In opposition, the Government admits Defendant's obesity is a potentially qualifying medical condition in light of COVID-19.  (ECF No. 32 at 7.)  Regardless, the Government argues the Court should deny Defendant's motion because Defendant is a continuing danger to the community and the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors do not support a reduced sentence.

### II.  ANALYSIS

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule.  However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, it is undisputed that Defendant has met the threshold exhaustion requirement.  Defendant made a request to the warden on July 27, 2020.  The warden denied Defendant's request on August 20, 2020.  Because more than 30 days have elapsed since July 27,

2020, Defendant has met the exhaustion requirement.  *See* 18 U.S.C. § 3582(c)(1)(A).

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement.  U.S.S.G. § 1B1.13, cmt. n. 1(A).  More specifically, the "extraordinary and compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  *Id.*

Defendant's BOP medical records indicate he has a body mass index ("BMI") of 41.6.  The Centers for Disease Control and Prevention has identified obesity — defined as a BMI of 30 or above — as a high-risk factor for COVID-19 complication.  *See generally* Centers for Disease Control, Coronavirus Disease 2019 (COVID-19), People Who Are at Higher Risk, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited September 1, 2020).  Moreover, as of the date of this Order, the BOP reports ten active inmate cases of COVID-19 at FCI Butner facilities.

Assuming without deciding that Defendant satisfies the "extraordinary and compelling" requirement, the Court nonetheless denies Defendant's request for compassionate release based on the danger Defendant poses to the community and the § 3553(a) factors.

To be eligible for compassionate release, Defendant must demonstrate that he is "not a danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13(2).  The PSR indicates Defendant is a Norteños gang member.  Further, Defendant is a career offender with a history of violence, firearm possession, and drug distribution.  He was convicted in the instant case for selling a considerable amount of methamphetamine.  While the Court commends

Defendant's efforts to rehabilitate himself while in prison, those efforts do not persuade the Court that Defendant no longer poses a danger to the community. Based on Defendant's gang affiliation and criminal history, Defendant fails to demonstrate he is not a continuing danger to the community.

In addition, the Court must consider the § 3553(a) factors before granting compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). Defendant's 113-month sentence of imprisonment is already well below the applicable guidelines range of 188–235 months. Defendant now seeks to reduce his sentence to time served despite having served only approximately 68 months of his sentence. In other words, Defendant is seeking a reduction from a well-supported, below-guidelines, 113-month sentence to a considerably lower 68-month sentence. Based on the record before the Court, the § 3553(a) factors do not support such a drastic reduction. Although the § 3553(a) factors specifically include the need to provide Defendant with medical care in the most effective manner, it appears FCI Butner has thus far been capable of adequately addressing Defendant's medical needs. Therefore, Defendant's medical needs do not outweigh the other § 3553(a) factors that support a 113-month sentence.

### III. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release. (ECF No. 27).

IT IS SO ORDERED.

DATED: September 2, 2020

Troy L. Nunley
United States District Judge