UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE MANUAL VERDUGO,<br><br>Defendant. | No. 2:14-cr-00341-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Jose Manuel Verdugo's ("Defendant") Motion for Reconsideration of Denial of Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i).  (ECF No. 37.)  The Government did not file an opposition.  For the reasons set forth below, the Court DENIES Defendant's motion.

///

///

///

///

///

///

///

///

1

## I.     Factual and Procedural Background

On January 8, 2015, Defendant pleaded guilty to distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1). (ECF No. 12.) On May 21, 2015, the Court sentenced Defendant to a 113-month term of imprisonment followed by a 60-month term of supervised release. (ECF No. 23.) Defendant is currently serving his sentence at Federal Correctional Institution ("FCI") Butner. He has served approximately 68 months of his 113-month sentence of imprisonment and his projected release date is January 29, 2023.

On August 17, 2020, Defendant, proceeding *pro se*, filed a motion for release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 27.) Defendant requested a sentence reduction due to the COVID-19 pandemic. (*Id.* at 1.) Defendant is 42 years old and claims he is at an elevated risk for severe complications from COVID-19 because he is obese. (*Id.*) On September 3, 2020, the Court denied Defendant's motion for two reasons: (1) Defendant failed to demonstrate he is not a danger to the community; and (2) the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors do not support a time served sentence. (ECF No. 36 at 3–4.) Through counsel, Defendant filed the instant motion for reconsideration on September 17, 2019. (ECF No. 37.) The Government did not file an opposition.

## II.     Standard of Law

"The Ninth Circuit allows parties to file motions for reconsideration in criminal cases, although the Federal Rules of Civil Procedure do not explicitly provide for such motions." *United States v. Amezcua*, No. 1:93-CR-5046-AWI-1, 2015 WL 5165235, at *1 (E.D. Cal. Sept. 2, 2015), *aff'd*, 670 F. App'x 454 (9th Cir. 2016) (citing *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000)). Pursuant to Local Rule 430.1(i), a party filing a motion for reconsideration of a criminal order must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion." Local Rule 430.1(i); *see also United States v. Braswell*, No. 118-CR-00034-DAD-BAM, 2018 WL 8805375, at *1 (E.D. Cal. Sept. 11, 2018).

///

### III.  ANALYSIS

In moving the Court to reconsider its denial of compassionate release, Defendant argues he did not receive the Government's opposition in time to file a reply due to slow mail at the prison. (ECF No. 37 at 1.) Defendant also argues the opposition included several incorrect details. (*Id.*) First, Defendant argues the Government incorrectly described his sentence as 133 months rather than 113 months in prison, which means he has served approximately 80% of his sentence considering the reduction he would have received had he completed the Residential Drug Abuse Program.[1] (*Id.* at 1–2.) Second, Defendant argues he dropped out of the Norteños gang years ago. (*Id.* at 2.) Third, Defendant reiterates that his obesity is a serious medical condition.[2] (*Id.* at 3–5.) Lastly, Defendant provides a release plan. (*Id.* at 5.) Even considering these "new or different" facts, however, the Court again declines to grant Defendant's release.

To be eligible for compassionate release, Defendant must demonstrate that he is "not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). In previously finding Defendant poses a danger to the community, the Court emphasized: (1) Defendant is a Norteños gang member; and (2) Defendant is a career offender with a history of violence, firearm possession, and drug distribution. (ECF No. 36 at 3–4.) The Court also stated that Defendant's efforts to rehabilitate himself while in prison, without more, did not persuade the Court that Defendant no longer poses a danger to the community. (*Id.*)

Although Defendant now claims he left the Norteños gang years ago, he fails to rebut or even address the Court's separate concerns about his criminal history, which includes violent crimes, firearm possession, and drug offenses dating back to 1996. Put simply, Defendant's criminal history reveals an ongoing pattern of unlawful and dangerous conduct. The progress Defendant has made in prison is commendable, but it is not sufficient to dispel the Court's

---

[1]  Despite the Government's error, the Court correctly indicated in its order that Defendant has served approximately 68 months of his 113-month sentence and his projected release date — factoring in good conduct time — is January 29, 2023. (ECF No. 36 at 2.)

[2]  In its previous order, the Court assumed without deciding that Defendant's obesity constituted an "extraordinary and compelling" reason for release in light of the COVID-19 pandemic and CDC guidelines. (ECF No. 36 at 3.)

concerns in light of Defendant's significant criminal history.[3]  As such, even assuming Defendant is no longer a Norteños gang member, the Court again finds Defendant fails to demonstrate he is not a continuing danger to the community.

Because the Court concludes Defendant is a danger to the community, it need not address his remaining arguments.  However, the Court notes Defendant has not provided any "new or different" facts that change the Court's determination that the § 3553(a) factors do not warrant a sentence reduction, which is an independent basis for denying Defendant's motion for compassionate release.[4]

### IV.   CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Reconsideration of Denial of Compassionate Release.  (ECF No. 37).

IT IS SO ORDERED.

DATED:  October 8, 2020

_____
Troy L. Nunley
United States District Judge

---

[3] Defendant argues the Sentencing Commission's own data indicates that the career offender enhancement is not a good predictor of future criminal conduct when, as here, the defendant's career offender priors are only non-violent drug cases.  (ECF No. 37 at 2.)  To the extent Defendant is arguing that he is not a danger, Defendant ignores that at least one of his drug trafficking offenses (in 2006) involved firearms and he has a history of violence.

[4] Defendant contends that although the Court varied 40% below the guidelines originally, the 113-month sentence was still much higher than the guidelines range that would have applied if Defendant were not a career offender.  Defendant's argument is unpersuasive.  Defendant *did* receive a career offender enhancement, which resulted in a guidelines range of 188 to 235 months of imprisonment based on a total offense level of 31 and a criminal history category of VI.  The Court's imposition of a 113-month sentence is well below that range and adequately reflects the § 3553(a) factors.